IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) ) ) |
| Plaintiff, | ) No. 23-cv-1324 ) |
| v. | ) Judge Jeffrey I. Cummings ) |
| MILWAUKEE SHOES, INC. and JUAN C. INIGUEZ, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff PNC Bank, National Association brings this diversity action alleging that defendants Milwaukee Shoes, Inc. and Juan C. Iniguez breached their contractual obligations to repay plaintiff on a line of credit note.[1] Plaintiff has filed a motion for summary judgment (Dckt. #15), accompanied by a supporting memorandum of law (Dckt. #16), and a Rule 56.1(a)(2) Joint Statement of Undisputed Material Facts (Dckt. #17). Defendants did not file a response to plaintiff's motion and this matter is ripe for disposition. For the reasons that follow, plaintiff's motion is granted.

**I.    LEGAL STANDARD FOR CONSIDERATION OF SUMMARY JUDGMENT**

Summary judgment is appropriate when the moving party shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A genuine dispute is present

---

[1] The Court has diversity jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1332 and it applies Illinois law to this dispute. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) ("When no party raises the choice of law issue, the federal court may simply apply the forum state's substantive law.").

1

if a reasonable jury could return a verdict for the nonmoving party, and a fact is material if it might bear on the outcome of the case." *Wayland v. OSF Healthcare Sys.*, 94 F.4th 654, 657 (7th Cir. 2024); *FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 584 (7th Cir. 2021) (the existence of a factual dispute between the parties will not preclude summary judgment *unless* it is a genuine dispute as to a material fact); *Hottenroth v. Vill. of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004) (issues of material fact are material if they are outcome determinative).

When the moving party has met that burden, the non-moving party cannot rely on mere conclusions and allegations to concoct factual issues. *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). Instead, it must "marshal and present the court with the evidence [it] contends will prove [its] case." *Goodman v. Nat. Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010); *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir. 2009). Thus, a mere "scintilla of evidence" supporting the non-movant's position does not suffice; there must be evidence on which the jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248. In determining whether a genuine issue of material fact exists, all facts and reasonable inferences must be drawn in the light most favorable to the non-moving party. *King v. Hendricks Cnty. Commissioners*, 954 F.3d 981, 984 (7th Cir. 2020); *NES Rental Holdings, Inc. v. Steine Cold Storage, Inc.*, 714 F.3d 449, 452 (7th Cir. 2013). Ultimately, summary judgment is granted only if "no reasonable trier of fact could find in favor of the non-moving party." *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838 (7th Cir. 2012) (cleaned up).

## II. FACTUAL RECORD

The pertinent facts are as follows.[2] Plaintiff PNC Bank, National Association is a bank principally located in Pennsylvania. JSOF ¶2. Defendants Milwaukee Shoes, Inc. ("Milwaukee

---

[2] The parties' joint statement of undisputed material facts is deemed admitted because defense counsel jointly submitted it with plaintiff's counsel. (Dckt. #17 at 4). In any event, defendants failed to dispute

2

Shoes"), a corporation, and Juan Iniguez ("Iniguez"), its president, are each located in Chicago, Illinois. JSOF ¶¶3–4, 12.

On May 6, 2019, Milwaukee Shoes executed and delivered a line of credit note ("the Note") to plaintiff which extended Milwaukee Shoes a $200,000.00 line of credit. JSOF ¶6. The Note established that "nonpayment of any principal, interest, or other indebtedness under [the] Note when due" constituted default. JSOF ¶7. Upon default, the Note states that "all indebtedness may become immediately due and payable in full without notice or demand for payment" and that plaintiff "shall recover its costs and expenses incurred on collecting the . . . Note, including its reasonable attorney's fees and costs." JSOF ¶¶15–16. Iniguez executed the Note on behalf of Milwaukee Shoes. JSOF ¶12. In addition, Iniguez signed a guaranty agreement which established him as guarantor of the Note. JSOF ¶12.

On December 23, 2020, Milwaukee Shoes and PNC agreed to amend the Note which, "among other things, extended the maturity date of the . . . Note from November 6, 2020 to May 6, 2021." JSOF ¶8. The parties agreed to amend the Note to extend its maturity date twice more on August 11, 2021 and April 11, 2022. JSOF ¶¶9–10. The final amendment stated that Milwaukee Shoes would pay principal and interest in monthly installments of $8,839.11 upon commencement. JSOF ¶11. Iniguez executed a "Consent of Guarantor" for each of these amendments. JSOF ¶13.

Milwaukee Shoes first failed to make a monthly payment on the Note in August 2022 and it has made no payments since. JSOF ¶¶14–18. In response, plaintiff brought this suit for monetary damages. (Dckt. #1).

---

the joint statement as they were required to do if they did, in fact, dispute any of the factual assertions contained therein. LR 56.1(e)(3); *Washington v. McDonough*, No. 17-cv-9054, 2021 WL 1962420, at *3 (N.D.Ill. May 17, 2021) (deeming uncontroverted statement of facts admitted pursuant to L.R. 56.1(e)(3)).

III.    ANALYSIS

In its two-count complaint, plaintiff alleges: (1) that Milwaukee Shoes breached its contract with plaintiff and defaulted on the Note by failing to make its monthly installment payments on the Note beginning in August 2022; and (2) that Iniguez breached his guaranty of all amounts owing from Milwaukee Shoes to plaintiff. (Dckt. #1 ¶¶5–27). Plaintiff argues it is entitled to summary judgment because the material facts supporting its claims are undisputed. (Dckt. #16 at 1). The Court agrees.

    A.    **Plaintiff Presented An Unrebutted Factual Basis Showing It is Entitled to Summary Judgment On Each of Its Claims.**

        i.    **Plaintiff Showed that Defendants Breached Their Obligations Under Each Contract.**

To prevail on a breach of contract claim, plaintiff must show "'(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages.'" *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010), *quoting W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill.App.Ct. 2004). To establish that Iniguez breached his duty as guarantor of the Note, plaintiff must "enter[] proof of the original indebtedness, the debtor's default, and the guarantee." *General Elec. Bus. Fin. Servs., Inc. v. Silverman*, 693 F.Supp.2d 796, 799 (N.D.Ill. 2010), *quoting Mid-City Indus. Supply Co. v. Horwitz*, 476 N.E.2d 1271, 1277 (Ill.App.Ct. 1985).

Plaintiff undisputedly established each element of its claims. Plaintiff's breach of contract claim arises out of the unambiguous terms of the Note and its amendments – to which the parties were signatories – and Iniguez's agreement to act as guarantor of Milwaukee Shoes' repayment of the Note. In support, plaintiff attached the Note, its three amendments, and coinciding guaranty agreements to its Rule 56.1 statement, all of which were deemed admitted

4

by defendants' concession to their contents. Defendants concede that they executed those agreements and that plaintiff "performed all of its obligations" under the Note by extending a $200,000.00 line of credit to Milwaukee Shoes on May 6, 2019. JSOF ¶¶ 6–13, 21. Beginning in August 2022, Milwaukee Shoes ceased repayment of that line of credit, breaching their obligations under the Note. *See Merz v. Helmstetter*, No. 19-cv-07689, 2023 WL 167412, at *7 (N.D.Ill. Jan. 12, 2023) (failure to repay a loan constitutes breach). Defendants agree that Milwaukee Shoes' breach damaged plaintiff.[3] (*Id*. at 3).

Given the foregoing, plaintiff need only establish that Iniguez guaranteed Milwaukee Shoes' loan repayments to plaintiff. *General Elec. Bus. Fin. Servs., Inc.*, 693 F.Supp.2d at 799. Defendants concede that plaintiff has done so. JSOF ¶¶12–13. Indeed, the Note, its amendments, and the guaranty agreements refer to each other in plain language. Under the clear terms of the guaranty agreements, Iniguez bore responsibility for Milwaukee Shoes' payments on the Note, consideration for which was the Note itself. *L.D.S., LLC v. S. Cross Food, Ltd.*, 954 N.E.2d 696, 709 (Ill.App.Ct. 2011) ("[I]f a guaranty is executed contemporaneously with the original contract, the consideration for the original contract is sufficient consideration for the guaranty.") (collecting cases). Moreover, defendants do not dispute that they breached the contracts.

Accordingly, plaintiff has proven that defendants breached both contracts – Milwaukee Shoes breached its obligation to repay the Note and Iniguez breached his guaranty agreement. *Merz*, 2023 WL 167412, at *7. No reasonable fact-finder could conclude otherwise. Given that plaintiff met its burden on its claims and that defendants raise no arguments in opposition,

---

[3] Plaintiff provided affidavits of one of its vice presidents who verified the agreed amount of damages, and attorney Martin J. Wasserman, who calculated plaintiff's attorney's fees and costs related to this matter. (Dckt. #17-1 at 1–5; Dckt. #18).

plaintiff is entitled to summary judgment on both counts. *See Jerlib Invs., LLC v. Cohn & Cohn*, No. 19-cv-06203, 2023 WL 2745119, at *9 (N.D.Ill. Mar. 31, 2023).

### ii. Plaintiff Is Entitled to Damages.

In order to recover for a breach of contract, plaintiff must establish damages as well as a "reasonable basis for computation of those damages." *TAS Distributing Co. v. Cummins Engine Co.*, 491 F.3d 625, 632 (7th Cir. 2007), *quoting Ellens v. Chicago Area Off. Fed. Credit Union*, 576 N.E.2d 263, 267 (Ill.App.Ct. 1991). It is plaintiff's burden to prove those damages "to a reasonable degree of certainty." *Tas Distributing Co.*, 491 F.3d at 632 (collecting Illinois caselaw).

Plaintiff sufficiently established a reasonable basis for its damages. The plain language of the Note entitles plaintiff to costs and expenses incurred in collecting on the Note, including its reasonable attorney's fees and costs. *Merz*, 2023 WL 167412, at *8, *quoting One Way Apostolic Church v. Extra Space Storage, Inc.*, No. 16 C 1132, 2019 WL 10892090, at *3 (N.D.Ill. Mar. 25, 2019) (attorney's fees are available "where the parties have contracted for an award of fees" under Illinois law). In support its sought-after damages, plaintiff provided two exhibits generated by its internal computer system demonstrating the loan history of the Note as well as an affidavit of an executive with personal knowledge of that system to explain the outstanding balance calculation and to attest to its accuracy and reliability. (*See* Dckt. #17-1 at 1–4, 61–66). In addition, the unrebutted affidavit submitted by plaintiff's attorney establishes that attorney's fees have been incurred and sets forth an exact amount of those fees with supporting documentation. To reiterate, defendants have conceded that plaintiff's overall damages calculation – inclusive of attorney's fees and costs – is correct. JSOF ¶¶18-20.

6

In sum: the undisputed facts establish defendants' breach of their obligations under the Note and guaranty agreement and that plaintiff is entitled to damages in the amount claimed. *See Merz*, 2023 WL 167412, at *8.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment, (Dckt. #15), is granted. Judgment will be entered in favor of plaintiff in an amount consisting of the principal amount ($161,032.75), attorney's fees ($5,367), costs ($590.60), late fees ($1,100.02), and accrued interest through July 8, 2024.[4] Plaintiff is ordered to file a proposed judgment order with an updated sum for accrued interest on or before July 15, 2024. The Court will thereafter enter judgment in the updated amount.

**DATE: July 8, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**

---

[4] The JSOF indicates that the amount of accrued interest was $4,576.29 through August 14, 2023. JSOF ¶19.